**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DIANE MARIE CAMPBELL,**

    **Plaintiff,**

v.                                                       **Civil Action No. 3:06CV64**
                                                          **(BAILEY)**

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull (Doc. 15), to which the plaintiff failed to object. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See Webb v. Califano,* 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will review the report and recommendation for clear error. As a result, it is the option of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 15)** should be, and is, **ORDERED ADOPTED**.

On June 29, 2006, the plaintiff filed her Complaint (Doc. 1) seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§

405(g) and 1381(c)(3). By standing order of the Court, this case was referred to the United States Magistrate Judge John S. Kaull for proposed findings of fact and a recommended disposition. Thereafter, the parties filed their respective motions for summary judgment. In support of her motion, plaintiff contends that ALJ erred in failing to credit the treatment notes and statements of Dr. Hanson under the treating physician rule. In addition, plaintiff contends that ALJ's finding that the plaintiff is not disabled because she could perform the full range of medium work is contrary to the substantial evidence on the record. In response, the defendant argues that the ALJ properly evaluated the opinions of Dr. Hanson, and further that, substantial evidence supports the ALJ's finding that the plaintiff is not disabled. Upon consideration, the Magistrate Judge concluded that the ALJ's decision is in fact supported by substantial evidence.

As noted above, plaintiff's main contention centers around the ALJ's treatment of statements made by Dr. Hanson, the plaintiff's treating physician. Specifically, the plaintiff contends that the ALJ erred in failing to properly credit Dr. Hanson's treatment notes indicating that the plaintiff is incapable of working full time. Under the treating physician rule, controlling weight must be given to the medical opinion of a treating physician if it is well supported by medically acceptable clinical and laboratory diagnostic techniques, and the opinion is not inconsistent with the other substantial medical and nonmedical evidence in the case record. **Craig v. Chater**, 76 F.3d 585, 590 (4th Cir. 1996).

After review, the Court agrees with the finding of the Magistrate Judge, that the ALJ properly discounted the treatment notes of Dr. Hanson. Initially, it bears mention that Dr. Hanson's statements spoke to the ultimate issue of disability, which is a question reserved for the Commissioner. Thus, Dr. Hanson's status as a treating physician cannot serve to

endow the statements at issue with any special significance.  *See* 20 C.F.R. § 404.1527(3)(1).  Moreover, as noted by the Magistrate Judge, the ALJ did not err in affording Dr. Hanson's opinions little weight as they were not supported by laboratory or clinical findings and were inconsistent with other medical evidence on the record.  In regard to the lack of laboratory and clinical support, it bears mention that on January 19, 2003, Dr. Hanson determined plaintiff was suffering under a partial disability because she "tried to do several jobs which were relatively easy physically and could not do them because of back and neck pain." (Tr. 498).  Further, on February 16, 2003, Dr. Hanson diagnosed the plaintiff with chronic back pain based on her subjective complaints.  *Id.*

In addition to the lack of objective support, the weight accorded by the ALJ to Dr. Hanson's statements is reinforced by the presence of substantial contradictory medical evidence on the record.  For instance, on October 11, 2002, Dr. Wilson's found that the plaintiff showed normal strength and reflexes with a completely normal range of motion in both her cervical and lumbar vertebrae. (Tr. 361-63).  Furthermore, on February 21, 2003, Dr. Brown affirmed a prior assessment by Dr. Sanders finding that the plaintiff had no exertional, postural, manipulative, visual, communicative, or environmental limitations.  As a result, the Court cannot say that decision of the ALJ to afford little weight to the statements of Dr. Hanson was not supported by substantial evidence. (Tr. 391, 399).

As a final matter, the Court finds that the ALJ's determination that the plaintiff was not disabled because she could perform the full range of medium work is supported by substantial evidence.  As indicated by the Magistrate Judge, Dr. Sanders, performing plaintiff's physical residual functional capacity report (RFC), found that the plaintiff could

occasionally lift or carry fifty pounds, could frequently lift or carry twenty-five pounds, and could stand and/or walk for about six hours in an eight hour work day. (Tr. 386-88). In addition, Dr. Sanders found that the plaintiff had no postural, manipulative, visual, or communicative limitations. *Id.* This evidence, taken together with the wealth of evidence on the record, constitutes "such relevant evidence as a reasonable mind might accept to support the conclusion" that plaintiff can perform a full range of medium work. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). As such, the Court finds that the ALJ's decision is supported by substantial evidence.

For the foregoing reasons, and those more fully stated in the Report and Recommendation of the Magistrate Judge (Doc. 15), the Court hereby **ORDERS** as follows:

1. That **Magistrate Judge's Report and Recommendation (Doc. 15)** is hereby **ADOPTED**;

2. That **Defendant's Motion for Summary Judgment (Doc. 14) is GRANTED**; and further

3. That this case be **CLOSED and STRICKEN** and from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: May 13, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE